IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PHYSICIANS MUTUAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | 8:05cv44<br><br>ORDER ON INITIAL REVIEW |

This matter is before the court for initial review of filing no. 6, the Amended Complaint filed by the plaintiff, Beatrice Hudson. The plaintiff has sued her former employer, Physicians Mutual Insurance Company, pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), alleging employment discrimination and harassment based on her race.

The plaintiff states that she has exhausted her administrative remedies under Title VII by filing an administrative charge with the Nebraska Equal Opportunity Commission ("NEOC"). However, she has not filed a copy of her NEOC charge or her right-to-sue notice. See generally 42 U.S.C. § 2000e-5(f)(1) (claimant has 90 days after receipt of right-to-sue notice to bring a civil action against the defendant). Therefore, the plaintiff shall file a copy of her NEOC charge and her right-to-sue notice with the court by October 20, 2005, in the absence of which the plaintiff's Title VII claim may be subject to dismissal for failure to exhaust administrative remedies.[1]

Also before the court is filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). As the plaintiff qualifies to proceed IFP, filing no. 2 is granted.

Having reviewed the Amended Complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant, after the plaintiff completes the appropriate forms.

---

[1] While a claim of race-based employment discrimination under Title VII requires exhaustion of administrative remedies, a claim under 42 U.S.C. § 1981 does not. See, e.g., Winbush v. State of Iowa By Glenwood State Hosp., 66 F.3d 1471, 1486 (8th Cir. 1995): "Suits under § 1981 do not require the administrative exhaustion procedures found under Title VII."  Accord Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000).

IT IS THEREFORE ORDERED:

1. Filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is granted.

2. The plaintiff shall file a copy of her NEOC charge and her right-to-sue notice with the court by October 20, 2005, in the absence of which the plaintiff's Title VII claim may be subject to dismissal for failure to exhaust administrative remedies.

3. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send the plaintiff one summons form and one Form 285 and a copy of this order.

4. The plaintiff shall, as soon as possible, complete the forms for service of process on the defendant and send the completed forms back to the Clerk of Court. Without the completed forms, service of process cannot occur.

5. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of that requirement, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on the defendant within 120 days of the date of this order may result in dismissal of this matter, without further notice.

7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of a represented defendant. To send communications to the court without serving a copy on all other parties to the case or their attorney(s) violates the rules of court.

10. The defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

11. The parties are bound by the Federal Rules of Civil Procedure and by the court's local rules in the prosecution of this case. The federal rules are available at any law library, and the local rules are available from the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

12. The plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 23rd day of September, 2005.

                                      BY THE COURT

                                      s/ *David L. Piester*
                                      David L. Piester
                                      United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.	A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.	A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.	Do not copy your complaint to attach to the summons; the court will do that for you.

4.	 You may serve only defendant(s) named in the case caption of the complaint.  If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.	Be sure to print your case number on all forms.

6.	You must give an address for a party to be served.  The U.S. Marshal will not know a defendant's address.

7.	Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

8.	Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

9.	Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

10.	Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.