IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BEATRICE HUDSON,** | ) | **CASE NO. 8:05CV44** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **PHYSICIANS MUTUAL** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the Defendant's Motion to Dismiss Plaintiff's Title VII Claim (Filing No. 19), and Plaintiff's response to the court's Order (Filing No. 21). On December 5, 2005, the court ordered Plaintiff to file with the court a copy of her charge submitted to the Nebraska Equal Opportunity Commission ("NEOC") and her right-to-sue letter. (Filing 20). On December 12, 2005, Plaintiff filed a response to the court's Order and attached a copy of her charge filed with the NEOC dated November 22, 2005. Plaintiff apparently has not received a right-to-sue letter at this time, presumably because the NEOC's investigation is still on-going. In absence of a right-to-sue letter, the Plaintiff cannot bring her Title VII claim. Because she cannot bring her Title VII claim at this time, if the Plaintiff proceeds to trial on her claim under 42 U.S.C. § 1981 (§ 1981) on the same facts that support her Title VII claim, the Title VII claim may be barred.

Accordingly, the Plaintiff has two options, she may abandon her Title VII claim and proceed with the current proceedings solely on her § 1981 claim or she can voluntarily dismiss her case without prejudice, and, because of the four-year statute of limitations associated with § 1981 claims, await the right-to-sue letter in her Title VII charge and refile the case with both claims within the 90-day period after receiving the right-to-sue letter.

Plaintiff shall inform the court by January 2, 2006, whether she would like to proceed solely on her § 1981 claim or voluntarily dismiss her case without prejudice and refile the case within the 90-day period after she receives her right-to-sue letter. In the absence of a voluntary dismissal, the court will dismiss Plaintiff's Title VII claim based on her failure to exhaust administrative remedies.

IT IS ORDERED:

Plaintiff shall inform the Court whether she wishes to continue with the current proceedings or voluntarily dismiss this case by January 2, 2006.

DATED this 19th day of December, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge