IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BEATRICE HUDSON,** | ) | **CASE NO. 8:05CV44** |
| **Plaintiff,** | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **PHYSICIANS MUTUAL INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Title VII Claim (Filing No. 9) and Plaintiff's Response to the Court's December 19, 2005 Order (Filing No. 23).

In her response to the court's Order, Plaintiff stated that she wishes to move forward with her case without evidence that she exhausted her administrative remedies. Therefore, the court will now rule on Defendant's Motion to Dismiss Plaintiff's Title VII claim.

In a Title VII case, the Plaintiff is required to exhaust her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC or NEOC will investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the agency determines there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); See, e.g., Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570 (8th Cir. 1997). The charging party has 90-days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C.A. § 2000e-5(f)(1).

After repeated requests by the court, Plaintiff has failed to file a copy of a right-to-sue letter from the EEOC or NEOC. Therefore, the court has concluded that the Plaintiff failed to exhaust her administrative remedies before filing this civil action and the court will grant defendant's motion to dismiss Plaintiff's Title VII claim.

IT IS ORDERED:

Defendant's motion to dismiss (Filing No. 9) is granted.

DATED this 20th day of January, 2005

BY THE COURT

s/Laurie Smith Camp
United States District Judge