IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV44 |
| | ) | |
| v. | ) | |
| | ) | |
| PHYSICIANS MUTUAL INSURANCE COMPANY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's Motion to Compel (Filing No. 37), defendant's Reply Brief to Plaintiff's Motion to Compel (Filing No. 41), plaintiff's Response Regarding Order on Motion to Amend (Filing No. 38), and plaintiff's motion to request discovery (Filing No. 28).

**Motion to Amend**

In plaintiff's Response Regarding Order on Motion to Amend (Filing No. 38) plaintiff states that she is seeking leave to amend her original complaint to state that she is alleging racial discrimination, retaliation, unlawful harassment, and intentional discrimination in the workplace in violation of 42 U.S.C. § 1981.  This motion is granted and the court will deem plaintiff's original complaint amended pursuant to Filing No. 38.

**Motion to Compel**

In plaintiff's motion to compel she challenges the defendant's responses to her requests for documents and asks this court to compel defendant to provide certain documents.  While not completely clear, it appears that plaintiff is requesting that the court compel defendant to produce (1) additional records in response to her Request No. 3,

requesting phone records of calls monitored by defendant (2) additional documents in response to Request No. 4, requesting documents relating to her personnel file; and (3) additional documents in response to Request No. 5, requesting complaints filed against defendant with the NEOC. In response defendant argues that plaintiff's motion should be denied because plaintiff failed to comply with NECivR 7.1(I) before filing her motion and defendant has provided plaintiff with all relevant responsive documents.

While Fed. R. Civ. P. 34 allows plaintiff to request that a party produce and permit the plaintiff to inspect a copy of documents, these requests are also governed by Rule 26(b) of the Federal Rules of Civil Procedure which states that discovery is limited to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence.

With regards to Request No. 3 defendant states that it provided plaintiff with all responsive documents. This is all defendant is required to do pursuant to Fed. R. Civ. P. 34 and 26. If plaintiff is aware of specific documents or a specific set of relevant documents not produced by defendant, then she should first correspond directly with defendant in an effort to obtain those documents, and if that fails, then seek the assistance of the court.

Next, with respect to Request No. 4 defendant has indicated that it provided plaintiff with her attendance records. If there are additional records that plaintiff wishes to obtain from her personnel file that defendant has not already produced then plaintiff should correspond with defendant to obtain those records before seeking the assistance of the court. If plaintiff is requesting all attendance records for all defendant's employees, this

request is overly broad and plaintiff should correspond with defendant to obtain any specific set of relevant attendance records before seeking the assistance of the court.

Finally, with respect to Request No. 5, defendant responded to plaintiff's request stating that it is willing to produce all the relevant records. Therefore, plaintiff's motion to compel (Filing No. 37) is denied.

IT IS ORDERED:

1. Plaintiff's Motion for Leave to File a Second Amended Complaint (Filing No. 30) is granted.

2. Plaintiff's Motion to Compel (Filing No. 37) is denied.

3. Defendant's Motion to Strike Defendant's Reply Brief (Filing No. 40) is granted.

4. Plaintiff's motion to request discovery (Filing No. 28) is denied as moot.

DATED this 28th day of June, 2006.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge